**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| LISA COLE, § | |
| § | **CASE NO. 1:18-cv-498** |
| Plaintiff, § | |
| § | |
| v. § | **JURY TRIAL DEMANDED** |
| § | |
| AMERICAN LEGION AUXILIARY § | |
| DEPARTMENT OF TEXAS; AMERICAN § | |
| LEGION DEPARTMENT OF TEXAS., § | |
| § | |
| Defendants. § | |

**ORIGINAL COMPLAINT**

Plaintiff LISA COLE ("Ms. Cole"), by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendants, AMERICAN LEGION AUXILIARY DEPARTMENT OF TEXAS ("the Auxiliary") and AMERICAN LEGION DEPARTMENT OF TEXAS ("the Legion" and collectively with the Auxiliary, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et* seq.; Title Two of the Texas Labor Code ("TLC") §§ 62.001 *et seq.*, intentional infliction of emotional distress, negligence, premises liability; and any other cause(s) of action that can be inferred from the facts set forth herein.

**INTRODUCTION**

1.   This case is about a four-year Air Force veteran, Lisa Cole, who was subjected to shocking, inappropriate, and abusive conduct by the American Legion and its Auxiliary, organizations whose mission is "to serve the needs of all veterans and their families."

**ORIGINAL COMPLAINT**

2. Despite that the Legion and the Auxiliary are entrusted with the care of school children and veterans like Ms. Cole, they did not care about Ms. Cole's repeated complaints that she was forced to work alone with a fully naked man at the American Legion's Austin Post.

3. Ms. Cole brings this suit to rectify the severe distress she was subjected to when the American Legion and Auxiliary chain of command failed to protect her. She also seeks damages for Defendants' failure to pay her the wages to which she is entitled by law.

4. The Legion and Auxiliary share an office building (or "Post") at 1624 E. Anderson Lane, in Austin, Texas.

5. On information and belief, the Legion owns the Post and the Auxiliary leases office space at the Post from the Legion. On information and belief, and according to the Auxiliary's federal tax returns, the Auxiliary and the Legion are related entities.

6. Ms. Cole is a person who was employed as the Auxiliary's Department Secretary/Treasurer, and worked primarily at the Post. Ms. Cole previously served for four years in the United States Air Force.

7. Defendants also employed numerous people at the Post who were categorized as employees of the Legion rather than the Auxiliary (referred to herein as "Legion employees").

8. Throughout Ms. Cole's employment, the Auxiliary knowingly and willfully misclassified Plaintiff as an overtime exempt employee and failed to pay her the statutorily required overtime rate of time-and-a-half for hours worked beyond forty (40) in a workweek in violation of the FLSA and any other cause(s) of action that can be inferred from the fact set forth herein.

9. Ms. Cole was forced to work significant amounts of overtime, including working before and after regular office hours after most Legion and Auxiliary employees had left the Post.

10. On numerous occasions when Ms. Cole was forced to work at the Post outside regular office hours, one of the Legion employees at the Post (the "Harasser") severely sexually harassed Ms. Cole.

11. Specifically, on numerous after-hours occasions when he and Ms. Cole were alone at the Post, the Harasser stripped fully naked, and remained naked in her presence without her consent.

12. Even though Plaintiff (and at least one other woman who had also been subjected to the Harasser's nakedness when alone with him at the Post) reported these incidents, Defendants ignored these complaints and the sexual harassment continued. Plaintiff again reported the sexual harassment, but instead of correcting the sexual misconduct, Defendants terminated Plaintiff's employment in retaliation for making these complaints.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 216(b) *et. seq.*; and (iv) 42 U.S.C. § 2000e, *et seq*.

14. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this Court pursuant to 29 U.S.C. §216(b), in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business and resides in this district.

## THE PARTIES

16. Plaintiff is a person who has been aggrieved by Defendants' actions. She is and has been, at all relevant times, a female citizen of the United States of American and is a resident of the State of Texas.

17. Defendant American Legion Auxiliary Department of Texas is a nonprofit organization located at 1624 East Anderson Lane, Austin, Texas 78752.

18. Defendant American Legion Department of Texas is a nonprofit organization located at 1624 East Anderson Lane, Austin, Texas 78752.

19. Defendants have at all relevant times been employers covered by the FLSA and the TLC.[1]

20. Defendants have at all relevant times been enterprises engaged in commerce with the amount of qualifying annual volume of business for Defendants exceeding $500,000.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

21. Plaintiff's complaints of discrimination and retaliation pursuant to Title VII were timely filed with the EEOC.

---

[1] Plaintiff anticipates that Defendants will not dispute that the Auxiliary employed Plaintiff but that Defendants will dispute that the Legion employed Plaintiff. Plaintiff alleges that both the Legion and the Auxiliary are her joint employers within the meaning of the FLSA and the TLC. Regarding her sexual harassment claims under Title VII of the Civil Rights Act and Texas tort law, this Complaint will refer to Ms. Cole as an Auxiliary employee and her Harasser as a Legion employee. This is intended to clarify the identities and roles of Ms. Cole and her Harasser, and that the Legion is liable for torts by its employee that took place in its building regardless of whether the Legion was Ms. Cole's employer. Any reference herein to Ms. Cole as an "Auxiliary Employee" does not waive her claim that the Legion was also her joint employer.

**ORIGINAL COMPLAINT**

4

22.     In March 2018, the EEOC issued a Notice of Right to Sue prior to the filing of this Complaint.

## STATEMENT OF THE FACTS

23.     Plaintiff was employed by Defendants as the Auxiliary's Department Secretary/Treasurer from February 15, 2017 until September 14, 2017. However, despite her title, job description, and the promises Defendants made to her, Plaintiff was deprived of any exercise of discretion and independent judgment with respect to matters of significance. Plaintiff had no input on hiring or firing of other employees, no supervisory authority, and no discretion over how she performed the bookkeeping and accounting functions of her job. She was told frequently that her job was simply to sit in the corner and run the books and not to participate in decision making.

24.     Plaintiff was regularly required to work in excess of 50 hours per week and on one occasion was required to work in excess of 90 hours in one week. Plaintiff was not paid the statutorily required overtime rate of time-and-a-half for hours worked beyond forty (40) in a workweek. Throughout her employment, Plaintiff accumulated more than 263 uncompensated overtime hours.

25.     Additionally, on three separate occasions, while working after-hours alone in the Post building with only her Harasser, her Harasser confronted her, fully naked. Her Harasser made no effort to hide his nudity nor his genitalia. Plaintiff was stunned and disturbed.

26.     Plaintiff reported the incidents to both Defendants. However, Defendants did not take any action to remedy the sexual harassment.

27.     Plaintiff was not the only woman at the Post to whom her Harasser fully exposed himself. At least one other victim had raised complaints about the Harasser's after-hours nudity. On information and belief, others at the Post may have been exposed to the Harasser's nudity and complained as well.

28. Having been ignored by the executive and officer-level leadership of the Defendants, on or around September 12, 2017, Plaintiff detailed these complaints in a letter to the President and Departmental Executive Committee of the Auxiliary, the highest level of the Auxiliary to which Plaintiff could elevate her concerns.

29. Instead of correcting the sexual harassment, Defendants fired Plaintiff on September 14, 2017, just two days after she had sent the letter to the Auxiliary's President and Departmental Executive Committee.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,

30. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

31. Throughout the period covered by the applicable statute of limitations, Plaintiff was required to work and did in fact work in excess of forty (40) hours per workweek, but was not paid overtime.

32. Plaintiff was not properly exempt from overtime pursuant to any overtime exemption.

33. Upon information and belief, Defendants knowingly failed to pay Plaintiff the statutorily required overtime rate for all hours worked in excess of forty (40) per workweek.

34. Defendants' conduct was willful and lasted for the duration of the relevant time period.

35. Defendants' conduct was in violation of the Fair Labor Standards Act.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e *et seq.*,
### (Hostile Work Environment)

36. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

37. The conduct alleged herein violates Title VII of the Civil Rights Act of 164, as amended, 42 U.S.C. § 2000e *et seq.* as Defendants subjected Plaintiff to a hostile work environment.

38. Plaintiff's requests for relief are set forth below.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e *et seq.*,
### (Retaliation)

39. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40. Plaintiff lodged complaints with Defendants regarding the harassment to which she was subjected to under Title VII, and as such engaged in protected activity.

41. In response, Defendants retaliated against Plaintiff by terminating her employment.

42. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

43. Plaintiff's requests for relief are set forth below.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### Title 2 of the Texas Labor Code, Tex. Lab. Code § 21.001 *et seq.*
### (Hostile Work Environment)

44. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

45. The conducted alleged herein violates Title 2 of the Texas Labor Code, Tex. Lab. Code § 21.001 *et seq*. as Defendants subjected Plaintiff to a hostile work environment.

46. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### Title 2 of the Texas Labor Code, Tex. Lab. Code § 21.001 *et seq*.
### (Retaliation)

47. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

48. Plaintiff lodged complaints with Defendants regarding the harassment to which she was subjected to and as such engaged in protected activity within the meaning and scope of Title 2 of Texas Labor Code, Tex. Lab. Code § 21.001 *et seq*.

49. In response, Defendants retaliated against Plaintiff by terminating her employment.

50. Defendants' actions are in direct violation of Title 2 of the Texas Labor Code, Tex. Labor Code § 21.001 *et seq*.

51. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

52. In the alternative and to the extent that Defendants deny an employment or other contractual relationship with Ms. Cole, Plaintiff asserts a cause of action for the tort of Intentional Infliction of Emotional Distress.

53. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

54. Defendants' conduct, both through their agent the Harasser and in their failure to address and prevent Ms. Cole and her coworkers from being forced to work alone with a naked

man, was intentional, extreme, and outrageous. As a result of Defendants' actions, Plaintiff experienced severe emotional distress.

55. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Negligence

56. In the alternative, and to the extent that Defendants deny an employment or other contractual relationship with Ms. Cole, Plaintiff asserts a cause of action for Negligence.

57. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

58. Defendants committed acts and omissions which constitute negligence, by and through, but not limited to, one or more of the following particulars:

   a) In hiring the Harasser and in retaining the Harasser after receiving reports of his stripping naked at work;

   b) In failing to properly supervise or train the Harasser;

   c) In failing to properly train their employees to adequately respond to complaints about sexual harassment and nudity in their workplace and/or their premises;

   d) In failing to provide adequate security on the premises both before and after learning of the Harasser's on-premises nudity.

## AS AND FOR AN EIGHT CAUSE OF ACTION
### Negligent Hiring, Supervision, Retention, and Training

59. In the alternative, and to the extent that Defendants deny an employment or other contractual relationship with Ms. Cole, Plaintiff asserts a cause of action for Negligence.

60. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

61. Defendants committed acts and omissions which constitute negligence in hiring, supervision, retention, and training by and through, but not limited to, one or more of the following particulars:

    a) In hiring the Harasser and in retaining the Harasser after receiving reports of his stripping naked at work;

    b) In failing to properly supervise or train the Harasser;

    c) In failing to properly train their employees to adequately respond to complaints about sexual harassment and nudity in their workplace and/or their premises;

    d) In failing to provide adequate security on the premises both before and after learning of the Harasser's on-premises nudity.

### AS AND FOR A NINTH CAUSE OF ACTION
### Premises Liability

62. In the alternative, and to the extent that Defendants deny an employment or other contractual relationship with Ms. Cole, Plaintiff asserts a cause of action for the tort of Intentional Infliction of Emotional Distress.

63. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

64. Plaintiff was an employee, invitee, and/or licensee on Defendants' premises.

65. Defendants owed Plaintiff a duty to use ordinary care to reduce or eliminate the unreasonable risk of harm created by allowing a naked man to work on and roam about their premises, a condition about Defendants knew or should have known.

66. Defendants failed to exercise reasonable care to reduce or eliminate this risk.

67. Defendants' failure to use such care caused Plaintiff to be exposed to the Harasser's nakedness, which proximately caused severe emotional distress to Plaintiff.

## AS AND FOR A TENTH CAUSE OF ACTION
### Gross Negligence

68. The negligence of Defendants described above was of such a character as to make Defendants guilty of gross negligence. The conduct of Defendants, viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Moreover, Defendants engaged in the conduct with conscious indifference to the rights, safety, or welfare of others, despite the Defendants' actual, subjective awareness of the risk involved.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Texas Labor Code, §§ 62.001 *et seq.*; and any other cause(s) of action that can be inferred from the facts set forth herein;

B. A jury trial on these issues to determine liability and damages;

C. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

D.      All damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, liquidated damages, general and special damages for lost compensation and job benefits she would have received but for Defendants' improper practices;

E.      An award to Plaintiff of compensatory damages, including but not limited to damages for emotional distress, humiliation, embarrassment, and anguish;

F.      An award to Plaintiff of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all owed wages from the date such wages were earned and due;

G.      An award to Plaintiff representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

H.      Awarding Plaintiff her costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

I.      Pre-judgment and post-judgment interest, as provided by law; and

J.      Granting Plaintiff other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   June 13, 2018                                    Respectfully submitted,

   */s/ Holt M. Lackey*

Holt M. Lackey
Texas State Bar No. 24047763
hlackey@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas 78731
(737) 808-2260 – telephone
(737) 808-2262 – facsimile

**ATTORNEYS FOR PLAINTIFFS**