IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LISA COLE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-498-RP |
| AMERICN LEGION AUXILIARY DEPARTMENT OF TEXAS and AMERICAN LEGION DEPARTMENT OF TEXAS, | § § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendant American Legion Auxiliary Department of Texas's ("ALA") Motion for Partial Dismissal under Rule 12(b)(6), (Dkt. 7), and Defendant American Legion Department of Texas's ("the Legion") Rule 12(b)(6) Motion to Dismiss the Original Complaint, (Dkt. 15). Also before the Court is a Joint Stipulation of Partial Dismissal Without Prejudice, (Dkt. 19), and Notice, (Dkt. 21), filed by Plaintiff Lisa Cole ("Cole"). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the Legion's motion should be granted but that ALA's should not.

## I. BACKGROUND

This is an employment action originally filed in this Court. (Compl., Dkt. 1). Cole alleges as follows. Cole worked for ALA as its "Secretary/Treasurer." (*Id.* at 2). The ALA misclassified her as an overtime exempt employee and denied her time-and-a-half wages for 263 overtime hours. (*Id.*). Meanwhile, another Legion employee subjected her to sexual harassment during her overtime hours. (*Id.* at 3). When she reported the harassment to Defendants, they ignored her complaints. (*Id.*) She reported the harassment again, and they terminated her in retaliation for her reports. (*Id.*). Out of these allegations, Cole asserts a set of federal- and state-law causes of action that includes a claim for

1

denial of overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (Compl., Dkt. 1, at 6). ALA and the Legion filed separate motions to dismiss Cole's FLSA claim against them. (ALA Mot. Dismiss, Dkt. 7; Legion Mot. Dismiss, Dkt. 15).

## II. DISCUSSION

ALA asks the Court to dismiss Cole's FLSA under Federal Rule of Civil Procedure 12(b)(6) because Cole filed a state-law claim for unpaid overtime with the Texas Workforce Commission ("TWC"). (ALA Mot. Dismiss, Dkt. 7, at 1). Cole filed a TWC claim shortly after her termination in September 2017, and the TWC preliminarily denied her claims based on a finding that she was exempt from the FLSA's overtime requirement. (*Id.* at 2). In May 2018, the TWC reversed its preliminary order, found that Cole was not exempt, and awarded her $2,592.76 for 250.73 out of the 263 overtime hours she claimed. (*Id.* at 3). That decision became final in June 2018, and ALA paid the unpaid overtime in July 2018. (*Id.*). ALA argues that Cole is claim- and issue-precluded from seeking relief in this Court for violations based on the same 263 hours of overtime. (*Id.* at 4–7).[1] Cole argues that her FLSA claim is neither claim- nor issue-precluded because her TWC claim was based on the Texas Payday Law ("TPL"), Tex. Lab. Code § 61.011. (Resp. ALA Mot. Dismiss, Dkt. 10, at 2). The Court agrees with Cole that her FLSA claim is not precluded by the TWC's adjudication of her TPL claim.

### *A. Res Judicata (Issue Preclusion)*

ALA argues that res judicata bars Cole from asserting her FLSA claim in this forum because the TWC awarded her overtime wages based on the same hours that form the basis of her FLSA claim. (ALA Mot. Dismiss, Dkt. 7, at 4–7). "A federal court asked to give res judicata effect to a state court judgment must apply the res judicata principles of the law of the state whose decision is

---

[1] The Legion filed a motion to dismiss adopting the ALA's arguments and adding the argument that Cole failed to plead that the Legion was her employer under the FLSA. (Legion Mot. Dismiss, Dkt. 15, at 2, 5). Cole does not oppose the Legion's motion, (Notice, Dkt. 21), and the Court will grant that motion as unopposed.

2

set up as a bar to further litigation." *ED Sys. Corp. v. Sw. Bell Tel. Co.*, 674 F.2d 453, 457 (5th Cir. 1982). Because ALA asks the court to give res judicata effect to a TWC decision, the Court must apply Texas' res judicata principles. Under Texas law, the elements of res judicata are: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). Cole argues that her FLSA claim is not precluded because she could not have raised her FLSA claim before the TWC, as it lacks jurisdiction to consider FLSA claims. (Resp. ALA Mot. Dismiss, Dkt. 10, at 5). The Court agrees.

The TWC lacks jurisdiction to consider FLSA claims. *See Terry v. Chi. Bridge & Iron Co.*, 283 F. Supp. 3d 601, 606 (S.D. Tex. 2017) ("Although state and federal courts have concurrent jurisdiction to consider FLSA claims, 29 U.S.C. § 216(b), the TWC lacks such jurisdiction."); *Barreraz v. Dennis Energy Servs., Inc.*, No. 7:15-CV-193-DAE, 2016 WL 8711407, at *3 (W.D. Tex. Aug. 19, 2016) ("[T]he TWC does not have jurisdiction to hear FLSA claims."); *Thakkar v. Balasuriya*, No. CIV.A.H-09-0841, 2009 WL 2996727, at *6 (S.D. Tex. Sept. 9, 2009). Cole could not have brought her FLSA claim before the TWC. Instead, she could only bring a claim for unpaid wages under the TPL, which provides for different relief than the FLSA—for example, only the FLSA provides for liquidated damages. 29 U.S.C. § 216(b).[2] Because Cole could not have brought her FLSA claim before the TWC, res judicata does not bar her claim before this Court.[3]

---

[2] The TPL provides for an administrative penalty, Tex. Lab. Code § 61.053, which TWC did not impose. (*See* TWC Decision, Dkt. 10-1). However, that determination is neither claim- nor issue-preclusive: the TPL's administrative penalty differs from the FLSA's liquidated damages provision both in the proof required and the remedy provided. *Compare* 29 U.S.C. § 216(b), *with* Tex. Lab. Code § 61.053.

[3] However, the wages that TWC ordered ALA to pay Cole may be factored into any future damages calculations for her FLSA claim. *Terry*, 283 F. Supp. 3d at 607.

*B. Collateral Estoppel (Claim Preclusion)*

ALA also argues that Cole's FLSA claim is barred by collateral estoppel. (Reply ALA Mot. Dismiss, Dkt. 14, at 6–10). ALA did not raise this argument in their motion. (*See* ALA Mot. Dismiss, Dkt. 7). Arguments raised for the first time in a reply brief are waived. *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). Regardless, collateral estoppel would not bar Cole's FLSA claim. Collateral estoppel, which "is narrower than res judicata," *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 500 S.W.3d 26, 44 (Tex. App.—Houston [1st Dist.] 2016, pet. denied), "prevents relitigation of particular issues already resolved in a prior suit." *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). Cole is not trying to relitigate an issue resolved by the TWC, which found the parallel issues in this action in Cole's favor. (*See* TWC Decision, Dkt. 10-1, at 5 (finding that Cole is non-exempt under the FLSA and entitled to overtime wages)). In fact, Cole asks the Court to collaterally estop *ALA* from relitigating the TWC's findings in this action and to establish ALA's liability on the basis of those findings. (Resp. ALA Mot. Dismiss, Dkt. 10, at 6). Whether ALA should be collaterally estopped by the TWC's order should be decided at a later stage of this litigation; it suffices, for purposes of resolving ALA's motion, to find that Cole is not collaterally estopped from raising her FLSA claim by the TWC's decision.

### III. CONCLUSION

For the reasons given above, **IT IS ORDERED** that ALA's partial motion to dismiss, (Dkt. 7), is **DENIED**. The Legion's unopposed partial motion to dismiss, (Dkt. 15), is **GRANTED**.

Additionally, more than 60 days have elapsed since the first appearance of a defendant to this action, and the parties have not yet submitted a proposed scheduling order in contravention of this Court's Local Rules. *See* W.D. Tex. Loc. R. CV-16(c) (requiring that the parties to a case submit a proposed scheduling order to the court no later than 60 days after any appearance of any defendant). Accordingly, **IT IS ORDERED** that the parties consult the website for the United

States District Court for the Western District of Texas (www.txwd.uscourts.gov), the "Judges' Info" tab, "Standing Orders," "Austin Division," and submit a joint proposed scheduling order using District Judge Robert Pitman's form on or before **November 20, 2018**.

**SIGNED** on November 13, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE